IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BERGNER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO,<br><br>    Defendant. | Case No. 24-cv-08926-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Robert Bergner, the father of Hunter Bergner, sues the County of San Mateo and 50 unnamed individuals following his son's suicide while in custody at Maguire Correctional Facility, a county-operated jail. Defendants now move to dismiss for failure to state a claim upon which relief can be granted. The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and grants Defendants' motion without prejudice.

I.  BACKGROUND

The decedent, Hunter Bergner, was incarcerated at Maguire Correctional Facility in March 2024 following his conviction in a domestic violence matter. Compl. (dkt. 1) ¶¶ 7–8. Before Bergner's conviction he had been prescribed anti-anxiety medication, which he took daily. Id. ¶ 8. Then, once in custody, Bergner met with jail staff to request anti-anxiety medication, but the jail refused to provide him with any medication or other treatment to address his anxiety. Id. This lack of access to medication caused Bergner's anxiety to worsen, and he began to experience suicidal ideations. Id. The Complaint is silent as to whether Bergner notified anyone, including prison staff, about this. Id. But on March 13 or 14, 2024 an unidentified inmate saw ligature marks on Bergner's neck and

notified an unidentified staff member at the jail. Id. ¶ 9. On May 15, 2024 Bergner hanged himself using a ligature in his cell. Id. ¶ 11.

Plaintiff Robert Bergner, Hunter Bergner's father, now sues the County and 50 unnamed individuals—presumably jail staff, though the Complaint does not specify who these individuals are other than that they are "responsible in some manner for the injuries and damages sustained". Id. ¶ 6. Plaintiff alleges that the County and jail staff were deliberately indifferent to Bergner's suicidal ideations and thereby caused his death (and deprived Plaintiff of his familial relationship with his son, implicating the Fourteenth Amendment and 42 U.S.C. § 1983). Id. ¶¶ 12, 14. Defendants move to dismiss for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## II.     LEGAL STANDARD

To state a claim upon which relief can be granted, a plaintiff must allege "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court "must take all of the factual allegations in the complaint as true," but it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## III.    DISCUSSION

Defendants move to dismiss on two grounds. First, they contend that Plaintiff failed to allege any policy, practice, or custom that led to the alleged deliberate indifference to his son's suicidal ideations and, in turn, caused his son's death. Accordingly, they assert that municipal liability against the County under Monell v. Department of Social Services, 436 U.S. 658, 690 (1978), is improper. MTD (dkt. 11) at 2–4. Second, Defendants argue that "anxiety" is not a "serious medical need" of the sort that could give rise to a deliberate indifference claim. Id. at 4–6. The Court agrees on both grounds and therefore does not reach Defendants' separate argument that Plaintiff is not entitled to recover punitive damages or lost wages.

2

**Municipal Liability.** To hold a municipality like San Mateo County liable for a constitutional tort like deliberate indifference under § 1983, a plaintiff must allege that an official municipal policy or custom caused the constitutional violation at issue. Benavidez v. County of San Diego, 993 F.3d 1134, 1153 (9th Cir. 2021) (citing Monell, 436 U.S. at 694). "The custom or policy must be a 'deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Id. (cleaned up) (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016)). Both written policies and unwritten customs and practices can constitute a municipal policy or custom for purposes of municipal liability, as can "failure to train municipal employees on avoiding certain obvious constitutional violations." Id. (citing City of Canton v. Harris, 489 U.S. 378, 387 (1989)). But in every case the challenged policy or custom must be "the moving force behind the constitutional violation." City of Canton, 489 U.S. at 379.

Plaintiff has not identified a municipal policy or custom of denying anxiety medications or treatment—or any form of medical care—to inmates experiencing suicidal ideations. Plaintiff alleges only that "[j]ail staff should have known that withholding anti-anxiety medication from Mr. Bergner would lead to increased symptoms, and suicidal ideations," and that "jail staff should have known that Mr. Bergner was at a higher risk of having a suicidal crisis, due to the fact that Mr. Bergner had just been convicted, and was facing separation from his family and children." Compl. ¶ 10 (emphasis added). Even taking these conclusory allegations as true (which the Court need not do at the pleading stage, Iqbal, 556 U.S. at 678), Plaintiff has not alleged that the County has a policy or custom of denying the medical care and treatment necessary to address suicidal ideations. Plaintiff's reference in his response brief to two other individuals who have died by suicide while in custody of the San Mateo County Sheriff's Office, see Opp. (dkt. 17) at 6, does not establish a municipal policy or custom in the absence of any analogous facts or other common thread between the cases. Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents.").

3

Accordingly, Plaintiff's deliberate indifference claim against the County fails for lack of allegations that would establish a municipal policy or custom.

**Serious Medical Need.** A plaintiff asserting deliberate indifference must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need is one where "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

The parties largely argue past one another on this point. Defendants argue that anxiety like that experienced by Bergner is not a serious medical need. Mot. at 4–6. Plaintiff argues that a heightened risk of suicide is a serious medical need. Opp. at 4–5. Neither party really disputes the other's position; rather, they argue that the other starts from the wrong premise. See id.; Reply (dkt. 18) at 2–4. So the question really is whether Plaintiff has sufficiently alleged that Defendants were aware of Plaintiff's heightened risk of suicide or only that they were aware of his anxiety.

Plaintiff's few allegations that Defendants knew or should have known that Plaintiff was at a heightened risk of suicide are too conclusory to state a claim. Plaintiff alleges that Bergner's "symptoms of anxiety and suicidal risk increased" but does not explain what those symptoms were or who, if anyone, observed them. Compl. ¶ 8. He alleges that an unidentified other inmate "observed ligature marks" on Bergner's neck "a day or two before" Bergner's death and that the inmate notified unspecified prison staff, but he fails to allege any details—such as how soon the inmate notified prison staff after he saw the ligature marks on Bergner's neck and whether the prison staff would have had adequate time to respond to the report—that would plausibly establish any Defendant's knowledge of a heightened risk of suicide. Compl. ¶ 9. And he alleges that jail staff should have known that Bergner was at a higher risk of suicide due to his lack of access to anti-anxiety medications and his recent conviction. Compl. ¶ 10. But this proves too much; it cannot be that every recently convicted inmate with a history of anxiety and nothing more to

4

indicate suicidal ideations presents a heightened suicide risk.  See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("nausea, shakes, headache, and depressed appetite due to unresolved family situational stress" not a serious medical need because they "result[ed] merely from incarceration and the concomitant separation from one's family"); cf. Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) ("long and undisputed history of mental health problems, alcohol and substance abuse, and suicide threats and attempts" established heightened risk of suicide and presented serious medical need), vacated, 563 U.S. 915 (2011), reinstated in relevant part by 658 F.3d 897 (9th Cir.).

Plaintiff fails to allege facts sufficient to establish that Defendants knew or should have known that Bergner was at a heightened risk of suicide and, accordingly, Plaintiff fails to adequately allege that Defendants were deliberately indifferent to a serious medical need.  Plaintiff therefore fails to state a claim as to all Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss without prejudice.  Plaintiff has 28 days from the filing of this order to file an amended complaint.

**IT IS SO ORDERED.**

Dated: June 18, 2025

CHARLES R. BREYER
United States District Judge